1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    CENTRAL DISTRICT OF CALIFORNIA

8

9   Kenya Markisha Hutson,        )  Case No. **CV 08-2335-JFW**
                                   )  [CR 04-11-JFW]
10              Petitioner,        )
                                   )  **ORDER DENYING PETITIONER'S**
11       v.                        )  **MOTION TO VACATE, SET ASIDE,**
                                   )  **OR CORRECT SENTENCE, PURSUANT**
12   United States of America,     )  **TO TITLE 28, U.S.C., SECTION**
                                   )  **2255 [filed 4/8/2008; Docket**
13              Respondent.        )  **No. 1]**
                                   )
14  _____    )  **ORDER DENYING PETITIONER'S**
                                   )  **MOTION PURSUANT TO RULES**
15                                 )  **GOVERNING SECTION 2255,**
                                   )  **PROCEEDINGS, RULE 8(a)(c)(d),**
16                                 )  **FOR AN EVIDENTIARY HEARING**
                                   )  **[filed 6/6/2008; Docket No. 8]**
17

18       On April 8, 2008, Petitioner Kenya Markisha

19  Hutson("Petitioner") filed a Motion to Vacate, Set Aside, or

20  Correct Sentence, Pursuant to Title 28, U.S.C., Section 2255

21  ("2255 Motion"). On June 6, 2008, Petitioner filed a Motion

22  Pursuant to Rules Governing Section 2255, Proceedings, Rule

23  8(a)(c)(d) For an Evidentiary Hearing ("Evidentiary Hearing

24  Motion").  On June 27, 2008, the Government filed its

25  Opposition to the 2255 Motion. On July 15, 2008, the

26  Government filed a Supplemental Brief, and on July 21, 2008,

27  the Government filed a Second Supplemental Brief.  On August

28  13, 2008, Petitioner filed a Reply and Response to

1    Government's Opposition Brief Regarding Limitation Period.

2    On September 3, 2008, Petitioner filed a Supplemental Brief.

3    On September 8, 2008, the Government filed a Surreply.  The

4    Court finds these matters appropriate for decision without

5    oral argument.  Having reviewed the papers filed in

6    connection with these matters and being fully apprised of the

7    relevant facts and law, the Court rules as follows:

8    **I.   Timeliness of 2255 Motion**

9        As an initial matter, the Court finds that Petitioner's

10   2255 Motion was timely filed.  A one-year statute of

11   limitations applies to motions filed pursuant to 28 U.S.C. §

12   2255.  *See* 28 U.S.C. 2255(f). "In most cases, the operative

13   date from which the limitation period is measured will be . .

14   . 'the date on which the judgment of conviction becomes

15   final.'" *Dodd v. United States*, 545 U.S. 353, 357 (2005).

16       Here, Petitioner's judgment of conviction became final on

17   March 5, 2007, the date upon which the Supreme Court denied

18   Petitioner's petition for writ of certiorari. *See, e.g., In*

19   *re Smith*, 436 F. 3d 9, (1st Cir. 2006)(internal citations

20   omitted)("[E]very circuit that has addressed the issue has

21   concluded that a conviction becomes final – and the one-year

22   period therefore starts to run – when a petition for

23   certiorari is denied, rather than when a petition for

24   rehearing of the denial of certiorari is denied."); *see also*

25   Supreme Court Rule 16.3.  While Petitioner's judgment of

26   conviction became final over a year before Petitioner's 2255

27   Motion was actually docketed by the Court, Petitioner

28   delivered his 2255 Motion to prison officials on March 4,

2008, prior to the expiration of the one-year statute of limitations. A prisoner's federal habeas petition is deemed timely filed if it is delivered to prison officials on or before the statutory deadline. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988), Fed. R. App. P. 4(c)(1); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).  Although the 2255 Motion was returned twice for insufficient postage, according to the declarations submitted by Petitioner, he placed the amount of postage on the envelope as indicated by prison equipment. *See Stovall v. United States*, 2003 WL 158882, at *2 (N.D. Tex. Jan. 6, 2003) (finding that the notice of appeal was timely filed where prisoner, through no fault of his own, believed that the postage was sufficient). Accordingly, pursuant to the prison mailbox rule, the Court finds Petitioner's 2255 Motion timely filed.

**II.  Ineffective Assistance of Counsel**

Petitioner raises five claims for relief, all based on alleged ineffective assistance of counsel in violation of Petitioner's Sixth Amendment right to counsel.  Specifically, Petitioner alleges that: (1) the conflicts among his four retained attorneys prejudiced him; (2) the Court failed to resolve the conflicts in a timely manner; (3) attorney Michael S. Evans ("Mr. Evans") provided ineffective assistance of counsel by erroneously informing him that the maximum statutory period of incarceration for violation of 18 U.S.C. § 1341 he could receive if he went to trial was ten years, by never informing him of the Government's second plea offer, and never informing him of his option to plead "open";

1  (4)attorney Kiana Sloan-Hillier ("Ms. Sloan-Hillier")

2  provided ineffective assistance of counsel by entering into a

3  retainer agreement with Petitioner that limited her

4  representation of Petitioner to negotiating a plea; and (5)

5  Mr. Evans coerced Petitioner into going to trial.

6      **A.   Legal Standard**

7      Ineffective assistance of counsel claims are evaluated

8  under the two-prong test set forth by the Supreme Court in

9  *Strickland v. Washington*, 466 U.S. 687 (1984).  To prevail on

10  a claim of ineffective assistance of counsel under

11  *Strickland*, a party must demonstrate both (1) that counsel's

12  actions fell outside the range of professionally competent

13  assistance, and (2) that petitioner suffered prejudice as a

14  result.  *Id*. at 687-90; *see also United States v. Leonti*, 326

15  F.3d 1111, 1120-21 (9th Cir. 2003); *Anderson v. Calderon*, 232

16  F.3d 1053, 1084 (9th Cir. 2000); *United States v. Allen*, 157

17  F.3d 661, 665 (9th Cir. 1998).  The first prong of the test

18  requires a "showing that counsel made errors so serious that

19  counsel was not functioning as the 'counsel' guaranteed the

20  defendant by the Sixth Amendment." *Strickland*, 466 U.S. at

21  687.

22     Demonstrating prejudice under the second prong of the

23  test requires more than a showing that the error in question

24  might have had some conceivable effect on the outcome of the

25  proceeding.  Instead, there must be "a reasonable probability

26  that, but for counsel's unprofessional errors, the result of

27  the proceeding would have been different." *Id*. at 694.  "A

28  reasonable probability is a probability sufficient to

4

undermine confidence in the outcome." *Id.*; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) ("We normally apply a strong presumption of reliability to judicial proceedings and require a defendant to overcome that presumption by showing how specific errors of counsel undermined the reliability of the finding of guilt. Thus, in cases involving mere 'attorney error,' we require the defendant to demonstrate that the errors actually had an adverse effect on the defense" (citations and internal quotation marks omitted, alteration removed)). Judicial scrutiny of counsel's performance is highly deferential, and courts will not – as a general rule – second-guess the strategic choices made by counsel. *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

To establish ineffective assistance of counsel based on a conflict of interest, a party must show an actual conflict of interest that adversely affected counsel's performance. *Hovey v. Ayers*, 458 F.3d 892, 907-08 (9th Cir. 2006). "A showing of prejudice from any such adverse effect is not required." *Id.* at 908.

**B.   Petitioner has not asserted a viable ineffective assistance of counsel claim.**

Upon review of the record and the briefs and evidence submitted by the parties, and for the reasons set forth in

5

1  the Government's Opposition and Surreply, the Court finds
2  that Petitioner has not asserted a viable ineffective
3  assistance of counsel claim. Petitioner has failed to
4  demonstrate that a conflict of interest adversely affected
5  any of his counsel's performance.[1]  With the *possible*
6  exceptions of Mr. Evans's alleged failure to inform him of
7  the second plea offer, and Mr. Evans's erroneous advice
8  regarding the maximum statutory penalty Petitioner faced if
9  he went to trial (discussed further below), Petitioner has
10 failed to show that any of his counsel's performance fell
11 below an objective standard of reasonableness.  In addition,
12 Petitioner has failed to demonstrate that he suffered
13 prejudice from any of the alleged errors of his counsel.

14     The only two alleged claims that require discussion are
15 Mr. Evans's alleged failure to inform Petitioner of the
16 second plea offer, and Mr. Evans's erroneous advice regarding
17 the maximum statutory penalty Petitioner faced if he went to
18 trial.

19     With respect to Mr. Evans's alleged failure to inform
20 Petitioner of the second plea offer, Petitioner's self-
21 serving declaration is the only evidence supporting this

22

23     [1]  The Court finds that it resolved the alleged conflicts in an
appropriate and timely manner.  This Court allowed Ms. Sloan-Hillier to
24 withdraw, and granted the requested 30-day continuance of trial, to allow
Petitioner's trial counsel to prepare for trial, which trial counsel
25 represented to this Court would be sufficient to prepare for trial.
Regardless, Petitioner cannot obtain relief, as he failed to demonstrate
26 that his counsel's performance was "adversely affected" by the alleged
conflict of interest. *See Campbell v. Rice*, 408 F.3d 1166,1170 (9th Cir.
27 2005). Petitioner is not entitled to the *Holloway* automatic reversal
rule, as defense counsel was not forced to represent co-defendants over a
28 timely objection.  *See Mickens v. Taylor*, 535 U.S. 162, 168 (2002).

allegation.   In contrast to Petitioner's declaration, Mr.
Evans, in his declaration, states: "I showed Mr. Hutson the
proposed plea agreement. I remember Mr. Hutson informing me
that the total offense level in the new offer was a higher or
greater number as compared to the first proposed plea
agreement." Declaration of Michael S. Evans, ¶ 5.   Mr.
Evans's recollection is corroborated by a comparison of the
first plea offer (Exhibit 1 to Government's Opposition) and
the second plea offer (Appendix E to Petitioner's 2255
Motion), revealing that the total offense level in the second
plea offer was higher.   In addition, this Court has already
had the opportunity to make credibility determinations about
Petitioner's testimony under oath.   At sentencing, this Court
stated: "I find that the defendant's testimony was false,
material and willful . . . . It's my view of the Defendant's
testimony that the entire testimony was not only false but it
was preposterous . . . ." Transcript of Sentencing, Jan. 31,
2005, 196:20-24 (attached as Exhibit 6 to Government's
Opposition).   Thus, based on Mr. Evans declaration and the
Court's finding that Petitioner's testimony at trial was
false, this Court finds that Petitioner's claim that Mr.
Evans failed to inform him of the second plea offer is not
credible.   *See United States v. Suarez*, 2008 WL 782772, at *
2 (E.D. Cal. Mar. 21, 2008) (denying defendant's 2255 motion
without an evidentiary hearing, finding defendant's
assertions that he was not informed of a plea offer not
credible where contradicted by declarations of trial counsel
and interpreter).

1    Furthermore, assuming *arguendo* that Mr. Evans did not
2  inform Petitioner of the second plea offer, Petitioner has
3  failed to demonstrate prejudice.  To show prejudice,
4  Petitioner "must show that, but for counsel's errors, he
5  would have pleaded guilty and would not have insisted on
6  going to trial." *Turner v. Calderon*, 281 F.3d 851, 879 (9th
7  Cir. 2002).  Here, the second plea offer was less favorable
8  than the first plea offer, which Petitioner rejected.  Thus,
9  Petitioner cannot show the requisite prejudice.
10    With respect to Mr. Evans's erroneous advice regarding
11  the maximum statutory penalty Petitioner faced if he went to
12  trial, Petitioner has failed to demonstrate prejudice.[2]
13  Petitioner, in his declaration, does not state that he would
14  have pled guilty, but for counsel's error (or that there was
15  a reasonable probability thereof).  Instead, he states:

16       That with hindsight, it would be easy to say, but
17       for this or but for that, I would have issued a
         'change of plea' and affirmatively pled guilty, but
         my case was and still is more complicated by an
18       unresolved matrix of 'conflicts of interests,' and
         so, I must further declare that, 'but for' . . . the
19       'conflict of interest' between Mr. Evans' 10 year
         statutory maximum verse the actual statutory maximum
20       . . . **there is just no way to say**, given the chaos
         and turmoil that surrounded me, that any act of
21       choice was knowingly and intelligent, whether to
         plead guilty or go to trial . . . .
22

23

24
     _____

         [2]  The Government also appears to have misapprehended the correct
25   maximum statutory penalty, as both proposed plea agreements incorrectly
     state the maximum statutory penalty as fifteen years instead of thirty
26   years for a violation of 18 U.S.C. § 1341, with the penalty enhancement
     of 18 U.S.C. § 2326. Since Petitioner "was not entitled to a plea bargain
27   offer made on mistaken legal assumptions, it should follow that any
     attorney ineffectiveness that led him to reject the plea bargain did not
28   prejudice him."  *See Perez v. Rosario*, 459 F.3d 943, 949 (9th Cir. 2006).

1  Declaration of Kenya Markisha Hutson, ¶ 18 (emphasis from
2  original removed; emphasis added).  Even if the Court
3  construed Petitioner's declaration as asserting that he would
4  have pled guilty if he had known the correct maximum
5  statutory penalty, the Court does not find this assertion
6  credible.  Ms. Sloan-Hillier, in her declaration states:

> Mr. Hutson at all times told me that he was
> proceeding to trial because he thought he could win
> on the 'intent' issue.  Prior to trial, he never
> told me that Mr. Evans told him that the statutory
> maximum sentence was 10 years.  He always told me
> that he was going to trial because he believed he
> could win.

11 Declaration of Kiana Sloan-Hillier, ¶ 32.

12     Moreover, Petitioner maintained his innocence throughout
13 trial, sentencing, and post-trial proceedings.  Not only does
14 this undermine Petitioner's claim that he would have entered
15 a guilty plea, the Court could not have accepted his guilty
16 plea under these circumstances. *See, e.g., Oliver v. United*
17 *States*, 2008 WL 4216553, at *1 (11th Cir. Sept. 16, 2008)
18 (per curiam) (the defendant "maintained his innocence
19 throughout trial and during his sentencing, which undermines
20 his claim that he would have consented to a plea
21 agreement.").

22     Accordingly, the Court finds that Petitioner has failed
23 to assert any viable ineffective assistance of counsel
24 claims.

25 **III.     An evidentiary hearing is not required.**

26     Because the record conclusively demonstrates that
27 Petitioner is not entitled to relief on any of the grounds
28 set forth in his motion, the Court finds that an evidentiary

1  hearing would not be of assistance to the Court and therefore

2  is not required.  *See, e.g., United States v. Mejia-Mesa*, 153

3  F.3d 925, 929 (9th Cir. 1998) ("The district court has

4  discretion to deny an evidentiary hearing on a § 2255 claim

5  where the files and records conclusively show that the movant

6  is not entitled to relief.").  Accordingly, Petitioner's

7  Evidentiary Hearing Motion is **DENIED**.[3]

8  **IV.  Conclusion**

9      For the foregoing reasons, it is hereby ORDERED that

10  Petitioner's Motion to Vacate, Set Aside, or Correct

11  Sentence, Pursuant to Title 28, U.S.C., Section 2255 is

12  **DENIED**.  It is also hereby ORDERED that Petitioner's Motion

13  Pursuant to Rules Governing Section 2255, Proceedings, Rule

14  8(a)(c)(d) For an Evidentiary Hearing is **DENIED**.

15      If Petitioner gives timely notice of an appeal from this

16  Order, such notice shall be treated as an application for a

17  certificate of appealability, 28 U.S.C. § 2253(c), which will

18  not issue because Petitioner has failed to make a substantial

19  showing of the denial of a constitutional right. *Miller-El v.*

20  / / /

21  / / /

22

23      [3]  Petitioner requests the appointment of counsel in his

24  Evidentiary Hearing Motion.  After evaluating the likelihood of success
    on the merits, and the ability of the Petitioner to articulate his claims

25  *pro se* in light of the complexity of the legal issues involved, the Court
    finds that the "interests of justice" do not require the appointment of

26  counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look,* 718 F.2d 952,
    954 (9th Cir. 1983).  Thus, since the Court finds that an evidentiary

27  hearing is not warranted, the Court declines to appoint Petitioner
    counsel. *See* Rules Governing Section 2255 Proceedings for the United

28  States District Courts, Rule 8(c).

1    *Cockrell*, 537 F.3d 322 (9th Cir. 2003); *Williams v. Woodford*,

2    384 F.3d 567 (9th Cir. 2004).

3

4        IT IS SO ORDERED.

5

6    Dated: October 21, 2008

7                                        JOHN F. WALTER
                                         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28